

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Leslie D. Williams
District Attorney
21st District
Brenham, Texas

Dear Sir:

Opinion No. O-6483
Re: The Commissioners' Court
or any member thereof can-
not influence the appoint-
ment of any person as deputy
sheriff.

We acknowledge receipt of your letter of March 17, 1945, requesting the opinion of this Department regarding the authority of the Commissioners' Court or any member thereof to influence the appointment of any person as deputy sheriff.

Article 3902, Vernon's Annotated Civil Statutes, is in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment

of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. . . ."

Article 6869, V. A. C. S. is as follows:

"Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principals; and every person so appointed shall, before he enters upon the duties of his office, take and subscribe to the official oath, which shall be indorsed on his appointment, together with the certificate of the officer administering the same; and such appointment and oath shall be recorded in the office of the County Clerk and deposited in said office. The number of deputies appointed by the sheriff of any one county shall be limited to not exceeding three in the Justice precinct in which is located the county site of such county, and one in each Justice precinct, and a list of these appointments shall be posted up in a conspicuous place in the Clerk's office. An indictment for a felony of any deputy sheriff appointed shall operate a revocation of his appointment as such deputy sheriff. Provided further, that if in the opinion of the Commissioners' Court fees of the sheriff's office are not sufficient to justify the payment of salaries of such deputies, the Commissioners' Court shall have the power to pay the same out of the General Fund of said county."

Hon. Leslie D. Williams, Page 3


Regarding the appointment of deputy sheriffs, Article 3902 and Article 6869 must be considered and construed together. It has been repeatedly held by this office that Article 3902 supersedes Article 6869 insofar as there is a conflict between such statutes. (See our Opinion No. 0-12, a copy of which is enclosed.) In the case of Trammel v. Shelton et al, 45 S. W. 319, construing Article 4896, Revised Civil Statutes, 1895, a statute similar to Article 6869, the Court said, "The statute does say that the sheriff shall not appoint exceeding three deputies in the justice's precinct in which is located the county site. This statute, we think, is directory, . . ."

In the case of Neeper v. Stewart, 66 S. W. (2d) 812, it is said:

"Article 3902, R. S. 1925, provides for the appointment of 'deputies or assistants' for certain county officers. The list of such officers to which that article is applicable is as follows: County judge, sheriff, county clerk, county attorney, district attorney, district clerk, tax collector, tax assessor, justice of the peace, and constable. In that article is found the following language: 'Provided that in no case shall said commissioner's court or any member thereof attempt to influence the appointment of any person as deputy or assistant in any office.' A public policy is thereby manifested in case of county and precinct officers generally to empower such officers to select their deputies or assistants and to forbid the commissioner's court, or any member thereof, from attempting to influence such officers in their selection of assistants. The reason for this policy is obvious. Officers elected to discharge public trusts, and upon whom the responsibility for the proper discharge thereof rests, should be free to select persons of their own choice to assist them in its discharge. . . ."

The case of Tarrant County et al v. Smith et al, 81 S. W. (2d) 537, among other things, holds, ". . . The Commissioners' Court can limit the number and salary of sheriff deputies, but they have no power over the naming of the individuals to be appointed, and are especia lly prohibited from attempting any such lastnamed influence. . ."

Hon. Leslie D. Williams, Page 4

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that in no case may the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy sheriff.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:fb
Enc.